**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TERRY PARRISH, | ) | |
|               Plaintiff, | ) | |
| vs. | ) | 3:10-cv-00741-RCJ-RAM |
| TRUSTEE OF THE GROUP INSURANCE TRUST FOR EMPLOYERS IN THE SERVICES INDUSTRY et al., | ) ) ) | **ORDER** |
|               Defendants. | ) | |

This case arises out of an employer's alleged failure to offer Plaintiff's deceased husband continuing life insurance coverage when it laid him off in February 2008. Pending before the Court is Defendants' Motion to Dismiss (ECF No. 6). For the reasons given herein, the Court grants the motion with leave to amend.

**I.      FACTS AND PROCEDURAL HISTORY**

Robert Allen Parrish ("Parrish") was laid off from United Rentals, Inc. ("United") in February 2008. (Am. Compl. ¶¶ 2–3, Dec. 15, 2010, ECF No. 4). United failed to offer Parrish continuing life insurance coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1161 *et seq.*, when it laid him off, although it offered him other coverages that he accepted. (*Id.* ¶ 4). Parrish has since died, and his widow, Plaintiff Terry Parrish, alleges Parrish would have elected the continuing coverage for life insurance and paid the premiums until his death had it been offered. (*See id.* ¶¶ 1, 3). Plaintiff sued the Trustee of the Group Insurance Trust for Employers in the Service Industry (successor-in-interest to

United) and Life Insurance Co. of North America on an indistinct ERISA-based claim in this Court. Defendant has moved to dismiss.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached

to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

Plaintiff sufficiently pleads facts making plausible that Parrish would have elected life insurance coverage. There may be evidentiary difficulties with proving this, but the allegation is sufficiently pled. Plaintiff argues that she is prepared to testify as to "her husband's tendencies in financial matters and his desire to ensure the security of his family financially." (Opp'n Mot. Dismiss 2:15–16, Jan. 12, 2011, ECF No. 7). Such testimony may be speculative or constitute inadmissible character evidence. *See* Fed. R. Evid. 404(a) ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except [under certain circumstances in criminal cases.]"). It is possible, however, that Plaintiff could produce admissible habit evidence on the point. *See* Fed. R. Evid. 406 ("Evidence of the habit of a person . . . is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit . . . ."). Habit evidence, unlike character evidence, does not concern a general disposition but must refer to a consistent historical response to a very particular situation. Routine reactions of insurance agents have been held to constitute admissible habit evidence in insurance matters. *See, e.g.*, *Morris v. Travelers Indem. Co. of Am.*, 518 F.3d 755 (10th Cir. 2008) (citing Fed. R. Evid. 406) ("An affidavit from an agent that it was his usual practice to explain the various APIP coverage options constitutes relevant evidence that his conduct on the occasion he met with the insured

1  was in conformity with that routine practice."); *Rosenberg v. Lincoln Am. Life Ins. Co.*, 883 F.2d
2  1328 (7th Cir. 1989) ("An insurance company may be held to have waived its written policy
3  conditions if agents were trained to or tended to, with the management's knowledge, give oral
4  assurances that insurance coverage was effective immediately despite written conditions to the
5  contrary.  There was sufficient evidence of such a routine practice by Lincoln agents such that
6  the testimony in question was properly admissible under Fed. R. Evid. 406 to establish that
7  Lincoln acted in conformity with its routine business practice in this instance").  Presumably
8  then, testimony of a specific enough habit by Parrish in electing insurance coverages in the past
9  should be admissible.

10  However, Plaintiff does not plead the date of her husband's death, which could be
11  dispositive.  Continuing coverage appears to be limited to eighteen months after an employee's
12  termination. *See* 29 U.S.C. §§ 1162(2)(A)(i), 1163(2).  Therefore, even if Parrish had accepted
13  life insurance in February 2008, it would have expired in August 2009.  The present lawsuit was
14  not filed until November 2010.  If Parrish died after the insurance would have expired anyway,
15  the claim will fail.  Without the date of Parrish's death, the present claim is possible, but not
16  plausible.  At oral argument, Plaintiff's counsel indicated that the eighteen-month provision
17  applied and that Parrish died within six months of termination.  The Court grants the motion to
18  dismiss, with leave to amend to include these allegations.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED with leave to amend. Plaintiff allege the date of her husband's death and identify the ERISA provision(s) under which she brings the case.

IT IS SO ORDERED.

Dated this 28th day of March, 2011.

                                                                  ROBERT C. JONES
                                                                  United States District Judge